**Abatement Order filed January 13, 2015.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-13-01144-CV
_____

**WILLIAM KARRINGTON, TRUSTEE, JANMARK VENTURES, DAVID JOACHIM, CLARK SIMMONS AND H.S. JOACHIM FAMILY LIMITED PARTNERSHIP, LTD, Appellants**

**V.**

**MICHAEL J. KOBERNICK, ALLAN KLEIN AND KOBERNICK & KLEIN FAMILIES 2000 TRUST, Appellees**

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2009-49090**

---

## ABATEMENT ORDER

Appellants filed their notice of appeal on December 27, 2013, from a final judgment signed November 12, 2013, after timely filing a motion for new trial. The record in this appeal contains appellants' March 5, 2014, request for preparation of reporter's records of hearings conducted March 8, 2012, March 12,

2012, September 9, 2013, September 12, 2013, September 16, 2013, and November 18, 2013. On April 10, 2014, one volume of reporter's record was filed covering a stipulation heard March 8, 2012. Appellants then filed their brief May 12, 2014.

In an affidavit attached to appellants' reply brief, appellants' counsel stated he attended the trial of the underlying case that began on March 5, 2012, and concluded on March 8, 2012, when the parties entered into the Rule 11 agreement at issue in this appeal. He also stated he attended the bench trial that commenced on March 12, 2012, in accordance with the Rule 11 agreement. Counsel further averred that the court reporter was present and it appeared that a record was made. Counsel stated that he submitted appellants' exhibits to the court at the conclusion of the proceeding. In particular, counsel states that the Hilcom Mezz Texas, Ltd. Limited Partnership Agreement was included in the exhibits submitted to the court. Counsel averred that about thirty days after his request for preparation of the record, the court reporter notified his office that the only record she located covered the March 8, 2012, proceedings and no exhibits were located.

It therefore appears to this court that portions of the reporter's record and the exhibits admitted at trial may have been lost or destroyed. Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . ;

2

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellants timely requested a reporter's record; (2) whether without the appellants' fault, a significant exhibit or portion of the record has been lost or destroyed; (3) whether any of the lost exhibits or portions of the record are necessary to the resolution of appellants' appeal; and, if so, (4) whether the parties can agree on replacement of the necessary exhibits or portions of the record, or the trial court can determine that copies accurately duplicate the necessary exhibits with reasonable certainty. The trial court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing and any replaced exhibits or portions of the record, **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a

3

hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Busby and Brown.